IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD ROSS CORTINAS<br>Plaintiff,<br><br>v.<br><br>W.E. IMHOFF COMPANY, INC. D/B/A<br>INTERTECH FLOORING<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:16-CV-12 |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, W.E. Imhoff & Company, Inc. d/b/a Intertech Flooring ("Intertech"), Defendant in the above-entitled and numbered cause, and hereby files this Notice of Removal to the United States District Court for the Western District of Texas, Austin Division, in accordance with 28 U.S.C. §1446(a) and in support thereof would respectfully show the Court as follows:

### I.

### INTRODUCTION

1. Plaintiff Edward Ross Cortinas ("Plaintiff") filed his lawsuit against Defendant on December 1, 2015, in the 261st Judicial District Court of Travis County, Texas, Cause No. D-1-GN-15-005439, styled *Edward Ross Cortinas v. W.E. Imhoff & Company, Inc. d/b/a Intertech Commercial Flooring*.

2. Defendant received service of process in this case on December 10, 2015. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. §1446(b).

## II.

## GROUNDS FOR REMOVAL

3. This action is removable pursuant to 28 U.S.C. § 1441(a). Removal is proper because the claims raised by Plaintiff present a federal question. 28 U.S.C. §§ 1331 and 1441(c). Specifically, Plaintiff asserts a claim for alleged failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq. See* Plaintiff's Original Petition, Jury Demand, & Request for Disclosure ("Pl.'s Orig. Pet.), at Section VI, page 3.

4. Federal question jurisdiction is presented on the face of Plaintiff's Original Petition because Plaintiff asserts that Defendant allegedly improperly failed to compensate Plaintiff at one and one-half times his regular rate for hours worked over forty hours in each workweek in violation of 29 U.S.C. § 207. *See* Pl.'s Orig. Pet., ¶¶ 2, 7-12, 19. Accordingly, this civil action arises under the laws of the United States and is one over which the District Court of the United States has original jurisdiction. *See* 28 U.S.C. § 1331. Therefore, subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.

5. Additionally, Plaintiff's Original Petition does not bring any state law claims and does not indicate any intention of Plaintiff to exercise his option to proceed with his overtime compensation claim on the exclusive basis of state law. Thus, removal is proper. *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001).

6. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because this District and Division include the area where the removed action has been pending.

## III.

## NOTICE OF FILING OF NOTICE OF REMOVAL AND JURY DEMAND

7. Upon filing of the Notice of Removal, written notice of the filing shall be forwarded to all parties of record in accordance with 28 U.S.C. §1446(d). Notice of Filing of

Notice of Removal to the United States District Court for the Western District of Texas, Austin Division will be sent to the Clerk of the Court for the 261st Judicial District Court, Travis County, Texas upon receipt of proof of filing of these removal documents in accordance with 28 U.S.C. § 1446(d).

8. Plaintiff did ask for jury trial in her Original Petition filed in the state court action. *See* Pl.'s Orig. Pet., at p. 4.

## IV.
## EXHIBITS

The following documents are attached hereto to comply with 28 U.S.C. §§1446(a) & (b):

| | |
|---|---|
| **Exhibit A** | Civil Cover Sheet and Supplement to JS 44 Civil Cover Sheet |
| **Exhibit B** | Docket / Case Summary |
| **Exhibit C** | Plaintiff's Original Petition, Jury Demand, & Request for Disclosure |
| **Exhibit D** | Notice of Service of Process to Defendant |
| **Exhibit E** | Defendant's Original Answer |
| **Exhibit F** | List of Counsel of Record |

There are no orders signed by the state court judge.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the above cause of action now pending against it in the 261st Judicial District Court of Travis County, Texas, be removed to the United States District Court for the Western District of Texas, Austin Division and request that it receive such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

/s/Monica A.Velazquez
**MERRITT N. SPENCER**
STATE BAR NO. 18925100
**STRASBURGER & PRICE, LLP**
720 BRAZOS ST., SUITE 700
AUSTIN, TEXAS 78701
(512) 499-3600
(512) 499-3660 Fax
merritt.spencer@strasburger.com

and

**MONICA A. VELAZQUEZ**
State Bar No. 24036132
monica.velasquez@strasburger.com
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard, Suite 600
Frisco, Texas 75034
(469) 287-3900
(469) 287-3999 (Fax)

**ATTORNEYS FOR DEFENDANT**
**W.E. IMHOFF & COMPANY, INC. d/b/a**
**INTERTECH FLOORING**

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2016, the foregoing document was electronically filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing (ECF) system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented to accept service of this document by electronic means. The following attorneys will be notified of the filing of this document:

Manuel Quinto-Pozos
Deats Durst & Owen, P.L.L.C.
1204 San Antonio, Suite 203
Austin, Texas 78701

/s/Monica A.Velazquez
MONICA A. VELAZQUEZ