# Notice of Removal
# EXHIBIT C

12/1/2015 3:07:41 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-15-005439
Nancy Rodriguez

CAUSE NO. D-1-GN-15-005439 _____

| | | |
|---|---|---|
| EDWARD ROSS CORTINAS<br>Plaintiff | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | TRAVIS COUNTY, TEXAS |
| W.E. IMHOFF & COMPANY, INC. d/b/a<br>INTERTECH COMMERCIAL FLOORING<br>Defendant | § § § | 261ST<br>_____ JUDICIAL DISTRICT |

## ORIGINAL PETITION, JURY DEMAND & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES EDWARD ROSS CORTINAS, hereinafter called Plaintiff, complaining of W.E. IMHOFF & COMPANY, INC. d/b/a INTERTECH COMMERCIAL FLOORING, hereinafter called Defendant, and for cause of action would respectfully show the Court and jury as follows.

### I. DISCOVERY

1. Discovery is intended to be conducted under Level 2 as described in Rule 190.3 of the Texas Rules of Civil Procedure (TRCivP).

### II. INTRODUCTION

2. Plaintiff brings this action to recover unpaid compensation and other appropriate relief from the Defendant pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201 et seq. Plaintiff contends that Defendant improperly failed to compensate Plaintiff at one and one-half times his regular rate for hours over forty worked in each work week, thereby depriving Plaintiff of compensation to which he was entitled under 29 U.S.C. § 207. Plaintiff seeks declaratory relief, back pay for underpayment of wages, an equal amount as liquidated damages, and attorney fees and costs.

1

### III. PARTIES

3. Plaintiff is an individual, who is a citizen of the State of Texas and who was at relevant times employed by Defendant Intertech Commercial Flooring.

4. Defendant W.E. Imhoff & Company, Inc. d/b/a Intertech Commercial Flooring is a Domestic for-profit corporation. Defendant may be served via Willard E. Imhoff III at 1106 Smith Rd, Suite 100, Austin, Texas 78721.

### IV. JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. §216 and Civil Practice and Remedies Code §37.003.

6. Venue is proper in this Court under Texas Civil Practice & Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Travis County, Texas.

### V. FACTUAL ALLEGATIONS

7. Under the FLSA, a separate cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed. *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987). The "relevant period" for which Plaintiff seeks compensation in this lawsuit covers all paydays in the period commencing on or about December 1, 2012, and continuing thereafter through approximately September 16, 2015.

8. During the relevant period, Defendant was and is an "employer" as that term is defined in 29 U.S.C. §203(d).

9. During the relevant period, the Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. §203(e), as a non-exempt worker performing installation of concrete and carpet flooring and other duties for the Defendant's floor installation business.

11. While employed by Defendant, Plaintiff regularly worked hours in excess of 40 per week during the relevant period.

12. Throughout the relevant period, Defendant refused to pay Plaintiff at one and one-half his regular rate of pay for hours worked in excess of 40 each week. As a result of Defendant's actions, Plaintiff has suffered damages.

16. As a result of Defendant's conduct, Plaintiff has been forced to retain legal counsel to protect his legal rights. Plaintiff is entitled to recover from Defendant his reasonable and necessary attorney's fees and expenses, including but not limited to, attorney's fees in any appeal.

17. Plaintiff has fulfilled all jurisdictional prerequisites to bringing this suit and obtaining the relief stated herein.

## VI.   CAUSES OF ACTION

18. Paragraphs 1-17 are incorporated herein.

19. The Defendant's failure to pay Plaintiff at one and one-half his regular rate of pay for hours worked in excess of 40 each week during the relevant period violated Defendant's obligations, and Plaintiffs' rights, to overtime pay required by 29 U.S.C. §207.

21. The Defendant's failure to pay Plaintiff during the relevant period at one and one-half his regular rate of pay for hours worked in excess of 40 each week was willful, thus entitling him to the three-year statute of limitations under 29 U.S.C. §255(a).

3

## VII.  REQUEST FOR DISCLOSURES

22. Pursuant to TRCivP 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in TRCivP 194.2. You are further reminded of your obligation to supplement your initial responses in accordance with TRCivP 193. Your initial and supplemental responses should be served upon Plaintiff's attorneys at the law offices of Deats, Durst & Owen, P.L.L.C., 1204 San Antonio St., Ste. 203, Austin, Texas 78701.

## VIII. REQUEST FOR JURY TRIAL

Pursuant to TRCivP 216, Plaintiff requests a jury trial in the above styled and numbered cause.

## IX. PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer herein; and that upon final hearing, the Court grant Plaintiff relief as follows.

A. Declare that Defendant violated the Fair Labor Standards Act, specifically 29 U.S.C. §207 by failing to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty in a work week during the relevant period.

C. Declare that Defendant's failure to pay overtime wages to Plaintiff during the relevant period was willful.

D. Order Defendant to pay Plaintiff his unpaid wages in an amount equal to the difference between what Plaintiff actually received and what Plaintiff would have received had Defendant properly complied with the overtime provisions of the Fair Labor Standards Act.

E. Order Defendant to pay Plaintiff liquidated damages in an amount equal to the unpaid wages awarded to Plaintiff.

4

F.   Order Defendant to pay Plaintiffs' reasonable attorney fees and costs pursuant to 29 U.S.C. §216(b) and Civil Practice and Remedies Code §§37.009.

G.   Order Defendant to pay Plaintiff the maximum amount of pre- and post-judgment interest permitted by law.

H.   Award all such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ Manuel Quinto-Pozos
Manuel Quinto-Pozos
State Bar No. 24070459
DEATS DURST & OWEN, PLLC
1204 San Antonio, Suite 203
Austin, Texas 78701
(512) 474-6200
(512) 474-7896 (Fax)
Attorney for Plaintiff

5